**CALORE FREIGHT SYSTEMS, INC.**

v.

**STATE of Rhode Island, DEPARTMENT OF TRANSPORTATION.**

**No. 89–608–M.P.**

Supreme Court of Rhode Island.

June 25, 1990.

Henry M. Swan, Davis, Jenckes, Kilmarx & Swan, Inc., Providence, for plaintiff.

James E. O'Neil, Atty. Gen., Caroline Cole Cornwell, Sp. Asst. Atty. Gen., for defendant.

Sherry A. Goldin, amicus curiae.

OPINION

KELLEHER, Justice.

This matter is before us on a writ of certiorari to review a District Court ruling in which a trial justice ruled that the plaintiff, Calore Freight Systems, Inc. (Calore), was entitled to a jury trial before the State of Rhode Island Department of Transportation (DOT) could levy fines for the operation of an overweight truck pursuant to G.L.1956 (1982 Reenactment) § 31–25–16, as amended by P.L.1985, ch. 445, § 1. A brief review of the facts giving rise to this controversy is necessary.

In early March 1987 a truck owned by Calore was stopped by two Rhode Island State Troopers on Interstate 295. The next morning the truck was weighed at the Wickford State Police Barracks and was found to be 71,700 pounds overweight. In late December 1987 a hearing was held

before an administrative-law judge. In accordance with the mandatory fine schedule set out in § 31–25–16, Calore was assessed a penalty of $66,950 for exceeding its registered-truck-weight limit. Calore filed an appeal with the appeals board of the DOT Administrative Adjudication Division (AAD). In March 1988 the board denied the appeal.

Calore then filed a complaint in the Sixth Division District Court seeking a review of the DOT's actions. In an opinion dated December 4, 1989, the District Court judge ruled that Calore was entitled to a jury trial and, relying upon that determination, reversed the ruling of the AAD and rescinded the fine. However, in that opinion, the trial judge specifically rejected the other arguments advanced by Calore, which arguments included the following statements: (1) the size of the fine converted the offense into a felony, (2) the fine itself was excessive, (3) the hearing before the AAD was flawed, (4) the introduction of hearsay and the poor quality of the tape recording of the hearing required revocation of the fine, and (5) the mandatory nature of the fine was unlawful. Shortly thereafter, the state filed a petition for a writ of certiorari, which was granted by this court in January 1990.

■ The state now makes these two contentions. First, the Rhode Island Constitution does not require a jury trial for the adjudication of a violation of statutory weight limits for trucks. Such a requirement would only exist if the right to a jury trial for a comparable offense existed at common law at the time of the adoption of the State Constitution in 1842. Second, the three cases relied upon by the District Court judge, *F. Ronci Co. v. Narragansett Bay Water Quality Management District Commission*, 561 A.2d 874 (R.I.1989); *Bendick v. Cambio*, 558 A.2d 941 (R.I. 1989); and *Tull v. United States*, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987),

are distinguishable and therefore not controlling with respect to the case at bar.[1]

Calore, however, contends that (1) because overweight-truck fines are comparable to civil penalties, the imposition of which would have triggered the right to a jury trial in 1842, Calore is now entitled to a jury trial; (2) the trial justice was correct in determining that Calore was entitled to a jury trial pursuant to the reasoning of this court in *Ronci* and *Cambio;* (3) the fine imposed by AAD was in excess of AAD's statutory authority; and (4) the poor quality of the tape-recorded transcript of the AAD hearing has hindered Calore's ability to complete properly its appeal and therefore has interfered with Calore's due-process rights.[2]

As this court has stated on numerous occasions, the right to a jury trial "applies to all cases that were triable by jury at the time of the adoption of the Rhode Island Constitution in 1842 without any restrictions or conditions that would materially hamper or burden that right." *Bendick v. Cambio*, 558 A.2d at 944. There was, of course, no motor vehicle code in existence in 1842. Yet we have stated that we shall "determine whether the offense was of the character" requiring a jury trial rather than simply dispose of the matter in cursory fashion. *Aptt v. City of Warwick Bldg. Dept.*, 463 A.2d 1377, 1379 (R.I.1983).

However, our historical review has failed to reveal any comparable offense. Both the State DOT and Calore have directed our attention to the Public Laws of 1822, specifically to *"An act relative to the passing of teams and carriages in the public highways."* This act sought to ensure that vehicles meeting upon the roadway would share the passing space equally. The penalty for failure to do so was a $5 fine to be recovered before a justice of the peace. Whereas both this act and § 31–25–16 concern passage on the public roadways,

---

**1.** We would note at once that *Tull v. United States,* 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987) was concerned with the right to a jury trial pursuant to the Seventh Amendment to the United States Constitution. The Seventh Amendment, however, is not applicable to the

states. *Bendick v. Cambio,* 558 A.2d 941, 942 (R.I.1989).

**2.** We shall not address in detail this constitutional argument made by Calore. The contention as it is presented is without merit.

§ 31–25–16, unlike the 1822 act, seeks to prevent damage to the state's highways and transportation infrastructure. Thus the offenses are not of a like character.

Nevertheless this court has recently addressed the issue of a right to a jury trial in administrative proceedings. In *Bendick v. Cambio*, 558 A.2d 941 (R.I.1989), this court was faced with a property owner's request for a jury trial in response to several citations issued by the Department of Environmental Management (DEM). The property owner had been ordered previously to cease and desist from altering wetlands and had entered into a consent agreement with DEM, enforceable in Superior Court, whereby he agreed to pay an administrative fine of $1,000 per month for each month he violated the agreement. Upon continued violations, DEM filed a complaint in Superior Court seeking to collect $5,000 for five months' worth of violations of the consent agreement. The DEM also alleged violations of the Freshwater Wetlands Act and the Water Pollution Act, seeking fines and civil penalties as a result.

This court held that the landowner was entitled to a jury trial for those civil penalties sought pursuant to the Freshwater Wetlands Act and the Water Pollution Act. *Id.* at 945. However, we concluded that there was no right to trial by jury for the violations of the consent order because that claim was most closely analogous to civil contempt proceedings, and such proceedings were not historically subject to jury trial in Rhode Island. *Id.* at 944. *See also F. Ronci Co.*, 561 A.2d at 879, where this court indicated that proceeding for enforcement of orders to comply or cease and desist does not give rise to a right to a jury trial.

In commenting upon the civil and statutory penalties in *Cambio*, we noted that "[h]ere we have an open-ended claim for a significant sum pursuant to penal statutes that are enforceable only in the Superior Court and are not susceptible of imposition by administrative proceedings." *Cambio*, 558 A.2d at 945. In light of these factors we were persuaded "that these civil penalties would have been enforceable at common law by an action for debt and would thus have been triable to a jury." *Id.*

In the case at bar, however, these factors are absent. At the time of the incident, March 1987, § 31–25–16, as amended by P.L.1985, ch. 445, § 1, read, in pertinent part, as follows:

"Penalties for violations of this section will be calculated on the registered or permitted weight in comparison to the actual weight and shall be heard and adjudicated at the administrative adjudication division of the department of transportation. (a) The overweight penalties for vehicles exceeding 10,000 pounds gross vehicle weight shall be as follows: No fine for the first five hundred (500) pounds overweight; fifteen cents ($.15) per pound overweight between five hundred (500) pounds and five thousand (5,000) pounds; and one dollar ($1.00) per pound for each pound overweight in excess of five thousand (5,000) pounds. (b) The overweight penalties for vehicles under 10,000 pounds gross vehicle weight shall be twenty-five cents ($.25) per pound overweight. (c) The overweight penalty for vehicles being operated in excess of one hundred four thousand, eight hundred (104,800) pounds gross vehicle weight shall be one thousand dollars ($1,000) in addition to the penalties enumerated in subdivision (a) hereof."

Section 31–25–1, as amended by P.L. 1985, ch. 437, § 1 read:

"**Compliance with chapter required.—** It is a misdemeanor for any carrier to drive or move or to cause or knowingly permit to be driven or moved on any highway any vehicle or vehicles of a size or weight exceeding the limitations stated in this chapter or otherwise in violation of this chapter, and the maximum size and weight of vehicles herein specified shall be lawful throughout this state, and local authorities shall have no power or authority to alter said limitations except as express authority may be granted in this chapter. The term carrier shall include any company or person

who furthers their commercial or private enterprise by use of the vehicle."

Finally, § 31–27–13 read:

"**Misdemeanors—Penalty.**—(a) It is a misdemeanor for any person to violate any of the provisions of chapters 1 to 27, inclusive, or chapter 34 of this title, unless such violation is by said chapters or other law of this state declared to be a felony.

(b) *Unless another penalty is provided by said chapters* or by the laws of this state, every person convicted of a misdemeanor for the violation of any provision of said chapters shall be punished by a fine of not more than five hundred dollars ($500), or by imprisonment for not more than one (1) year, or by both such fine and imprisonment." (Emphasis added.)

Pursuant to these statutes the operation of an overweight truck was classified as a misdemeanor, and the fines were set according to the weight of the truck. There was no discretion, and the amounts were not open ended. In addition the power of enforcement was vested in the AAD, and the District Court was given the power of appellate review only. *See* G.L.1956 (1982 Reenactment) § 31–43–1, as amended by P.L.1986, ch. 137, § 1 and § 31–43–4, as amended by P.L.1982, ch. 222, § 1. Also because § 31–25–16 provided for specific fines according to the weight of the truck, it is clear that the imposition of this fine was particularly susceptible of administrative process.

We are of the opinion that pursuant to § 31–25–16 the amount of the penalty was fixed, and the only question remaining was whether the statute had been violated. Faced with a similar situation in *Cambio*, we stated, "In this instance the amount of the penalty was fixed by agreement * * * and the only question * * * is whether the order or decree was violated. We are of the opinion that such a fact determination does not give rise to a right to trial by jury under the Rhode Island Constitution." *Cambio*, 558 A.2d at 944.

On the contrary we indicated in *Ronci* that the role of a jury in a civil-penalty action would include both the determination of liability and the assessment of penal damages. In so doing, we explained that "[t]he jury in an enforcement proceeding for civil penalties * * * would be entitled to increase, decrease, or vacate any fine levied by the commission." *F. Ronci Co.,* 561 A.2d at 882. However, the fines pursuant to § 31–25–16 are determined by excess weight. A jury would have no role in the determination or alteration of the fines. We therefore conclude, as we did in *Cambio*, that "such a fact determination does not give rise to a right to trial by jury." 558 A.2d at 944.

Furthermore at the January 1974 legislative session the General Assembly enacted P.L.1974, ch. 41, and established the Administrative Adjudication Division within the DOT. The AAD is to consider alleged violations of numerous State statutes relating to the operation of motor vehicles. Section 31–43–3, entitled "Hearings—Orders," specifically provided that any order or determination made by the AAD shall be considered "civil in nature." Civil actions do not give rise to a right to jury trial pursuant to article 1, section 10, of the Rhode Island Constitution. In light of these considerations, we are unable to find that Calore is entitled to a jury trial in the case at bar.

Accordingly the state's petition for certiorari is granted, the judgment of the District Court is quashed, and the papers in the case are remanded to the District Court with our decision endorsed thereon.